IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHAWNTESHIA HOBSON,
on her own behalf and on behalf of
her minor child, M.H.,

   **Plaintiff,**

v.

MEAD JOHNSON & CO., LLC, et al.,

   **Defendants.**

Case No. 25-CV-01336-SPM

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

  This matter comes before the Court for consideration of an "Emergency" Motion to Remand to State Court filed by Plaintiff Shawnteshia Hobson. (*See* Doc. 14). Also before the Court is a Motion to Stay Proceeding Pending Remand or Transfer to MDL 3206 (Doc. 35) filed by Defendants Mead Johnson & Company, LLC and Mead Johnson Nutrition Company ("Mead Johnson"). Having been fully informed of the issues presented, this Court declines to rule on Plaintiff Hobson's "Emergency" Motion to Remand at this time. Defendant Mead Johnson's Joint Motion to Stay is **GRANTED**.

### Relevant Factual And Procedural Background

  On May 28, 2024, Plaintiff Hobson filed suit against Mead Johnson and Memorial Hospital in the Twentieth Judicial Circuit, St. Clair County, Illinois, cause number 24LA0735. (Doc. 1, Ex. A). Hobson brought the original action as a result of injuries sustained by her minor child, M.H., which she alleges were due to Mead

Johnson's cow's milk-based infant feeding products the child received while hospitalized at Memorial Hospital; the child was subsequently diagnosed with necrotizing enterocolitis ("NEC"). (*Id.*). The Complaint asserted five counts against Mead Johnson: strict liability for design defect, strict liability for failure to warn, negligence, intentional misrepresentation, and negligent misrepresentation, as well as one count of institutional misrepresentation, or medical malpractice, against Protestant Memorial Medical Center, Inc. ("Memorial Hospital"). (*Id.*).

On June 27, 2024,[1] Mead Johnson filed a timely Notice of Removal pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446 based upon diversity of jurisdiction. *See Hobson v. Mead Johnson & Co.*, LLC, No. 24-cv-01615-SPM (S.D. Ill. 2024) [hereinafter *Hobson I*] (Doc. 1). Within the notice, Mead Johnson contended that Hobson fraudulently joined Memorial Hospital (located in St. Clair County, Illinois) to prevent removal under 28 U.S.C. § 1441(b)(2), and, as such, the residency of the hospital should be disregarded when considering the diversity of the parties. *Id.* Specifically, Mead Johnson argued that Hobson failed to attach an affidavit required by the Illinois Healing Art Malpractice Act, 735 ILL. COMP. STAT. 5/2-622(a)(1), to support her claim of medical malpractice against Memorial Hospital. *Id.* Mead Johnson argued that, therefore, Memorial Hospital was not a viable defendant, meaning that complete diversity was present among the remaining parties in the lawsuit. *Id.* Hobson filed a Response in opposition on June 29, 2024, with which she

---

[1] On the same day, Mead Johnson also filed an Answer, a Motion to Dismiss, and a Motion to Stay Pending Transfer to MDL 3026. *See Hobson I* (Docs. 6, 7, 8).

included the required affidavit and argued that she was entitled to fees and costs because of the "frivolous" and "egregious" removal. *Id.* (Doc. 11).

On October 2, 2024, this Court granted Hobson's Motion to Remand, finding that "Memorial Hospital is clearly connected to Hobson's claims as Memorial Hospital is where the minor, MH, was provided Mead Johnson's cow's milk-based infant feeding products" and that Mead Johnson had not met its burden to prove fraudulent joinder. *Id.* (Doc. 27, p. 11). The case was remanded to St. Clair County on October 3, 2024. *Id.* (Docs. 28, 29). The case then proceeded in St. Clair County until Mead Johnson removed it a second time on July 8, 2025.[2] (*See* Doc. 1).

In its second Notice of Removal, Mead Johnson once more argues that Hobson fraudulently joined Memorial Hospital to defeat diversity jurisdiction. (*See id.*). Hobson filed the instant "Emergency" Motion to Remand to State Court and an "Emergency" Motion to Expedite the Briefing Schedule on July 11, 2025. (*See* Docs. 14, 15). In the latter Motion, Hobson sought for Mead Johnson to respond to her Motion to Remand by July 14, 2025. (*See* Doc. 15). This Court granted the Motion to Expedite in part and denied it in part on July 11, providing Mead Johnson ten days to respond and Hobson four additional days to draft a Reply. (*See* Doc. 16). On July 15, 2025, Mead Johnson filed an Unopposed Motion to Stay this case pending transfer to MDL 3206 before Judge Pallmeyer of the U.S. District Court for the Northern

---

[2] This removal came five days after Judge Pallmeyer of the U.S. District Court for the Northern District of Illinois filed an order which not only specifically mentioned the previous removal of this case but also certified the central questions at issue here for interlocutory appeal in accordance with 28 U.S.C. § 1292(b). *See In re Abbott Lab'ys Preterm Infant Nutrition Prods. Liab. Litig.*, No. 22 C 71, 2025 WL 1836017, at *6 (N.D. Ill. 2025) (citing *Hobson v. Mead Johnson & Co. LLC*, No. 24LA0735 (Ill. Cir. Ct.); *Hobson v. Mead Johnson & Co. LLC*, No. 23-cv-01615-SPM (S.D. Ill 2024)); *see also id.* at *6–9 (discussing 28 U.S.C. § 1292(b) in detail). This Court will discuss these issues in detail *infra*.

District of Illinois. (Doc. 35). On July 21, 2025, Mead Johnson filed their Response (Doc. 38) to Plaintiff Hobson's "Emergency" Motion to Remand and a Motion for Oral Argument pursuant to Local Rule 7.1(c)(1) (Doc. 41). Plaintiff Hobson responded in opposition to the Motion for Oral Argument on July 22 (Doc. 43) and filed a Reply in support of her Motion to Remand on July 25, 2025. (Doc. 46). Mead Johnson also filed a Motion for Leave to File a Supplemental Pleading on August 4, 2025 (Doc. 66); Hobson filed a Response in opposition on August 6, 2025 (Doc. 68). This Court granted Mead Johnson's Motion for Oral Argument and denied Mead Johnson's Motion for Leave to File a Supplemental Pleading on August 6, 2025. (*See* Doc. 69). The Court held Oral Argument on August 21, 2025. (*See* Docs. 77, 78).

## APPLICABLE LAW AND LEGAL STANDARDS

Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapatthah Servs., Inc.*, 545 U.S. 546, 552 (2005). Removal is governed by 28 U.S.C. § 1441, which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); see also *Pooter v. Janus Inv. Fund*, 483 F. Supp. 2d 692, 694–95 (S.D. Ill. 2007). In other words, "[a] defendant may remove a case to federal court only if the federal district court would have original subject matter jurisdiction over the action." *Kitson v. Bank of Edwardsville*, No. 06-528, 2006 WL 3392752, at *1 (S.D. Ill. Nov. 22, 2006).

Under 28 U.S.C. § 1332, a federal district court has original subject matter jurisdiction over actions involving complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008). Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Ent. Co.*, 106 F.3d 215, 217 (7th Cir. 1997). The party seeking removal, as the proponent of federal subject matter jurisdiction, has the burden of proof as to the existence of jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *see also Anglin v. Bristol-Myers Squibb Co.*, No. 12-60, 2012 WL 1268143, at *1 (S.D. Ill. April 13, 2012).

"'Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.' Put another way, there is a strong presumption in favor of remand." *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). "Doubts concerning removal must be resolved in favor of remand to the state court." *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp.2d 838, 841 (S.D. Ill. 2006).

The "fraudulent joinder" doctrine prohibits a plaintiff from joining a non-diverse defendant in an action simply to destroy diversity jurisdiction. *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999). If the removing defendant establishes fraudulent joinder, the district court considering removal may "disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and

thereby retain jurisdiction." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009).

"To establish fraudulent joinder, a removing defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013). Put differently, the defendant has the "heavy burden" of showing that the plaintiff's claim has "no chance of success" against the non-diverse defendant. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). After resolving all issues of fact and law in favor of the plaintiff, if there is "any reasonable possibility" that the plaintiff may prevail against a defendant, the defendant is not fraudulently joined. *Schur*, 577 F.3d at 764. The defendant's burden is heavy, possibly even heavier than his burden with a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Id*.

Courts normally make the fraudulent joinder determination by evaluating the face of the pleadings. *Poulos,* 959 F.2d at 73. However, under certain circumstances it is appropriate for a court to "pierce the pleadings" and consider "summary judgment-type evidence such as affidavits and deposition testimony." *Hauck v. ConocoPhillips Co.,* No. 06-135, 2006 WL 1596826 (S.D. Ill. 2006) (quoting *Cavallini v. State Farm Mut. Auto. Ins. Co.,* 44 F.3d 256, 263 (5th Cir. 1995)). While not advocating a "pre-try" of the case, the Seventh Circuit held it proper to disregard a non-diverse defendant's citizenship where the non-diverse defendant produced an uncontested affidavit showing that

plaintiff could not succeed on its claim against it. *Faucett v. Ingersoll-Rand Min. & Mach. Co.,* 960 F.2d 653 (7th Cir. 1992).

## ANALYSIS

In the instant Motion to Remand, Hobson argues that Mead Johnson's second removal of this case is "jurisdictional gamesmanship" and seek "heavy sanctions" against Mead Johnson. (Doc. 23, p. 12). Hobson alleges that "four facts" preclude Mead Johnson's removal of this case:

> (1) [T]his Court resolved the issue of fraudulent joinder of the medical malpractice claim in October 2024; (2) all claims against Memorial Hospital remain in state court; (3) these claims have survived the scrutiny of a Motion to Dismiss in state court; and (4) Ms. Hobson is aggressively pursuing these claims, including through document discovery, fact depositions of parties and treaters, expert disclosures, and expert depositions.

(*Id.*). Hobson argues that Mead Johnson's "baseless removal" is untimely (*id.*, p. 4); that she continues to "vigorously" pursue the medical malpractice claims against Memorial (*id.*, p. 5); that there is no evidence of bad faith (*id.*, p. 6); that Mead Johnson's fraudulent joinder argument predicated on Plaintiff's "no real intent to pursue" the claims against Memorial is not the law (*id.*, p. 8); and that she is entitled to sanctions including attorneys' fees and costs (*id.*, p. 9).

Unsurprisingly, Mead Johnson tells a wholly different story, arguing that "Plaintiff's counsel has filed numerous NEC lawsuits in various state courts," and that "the overwhelming majority of their claims—*hundreds of lawsuits*—were filed and are pending in Madison County and St. Clair County, Illinois." (Doc. 39, p. 2). Mead Johnson argues that the instant case is one of only *two* where the plaintiff has named Mead Johnson as a defendant but not its parent company, Abbot Laboratories

(an Illinois corporation). (*Id.*, pp. 1–2). Defendants insist that "there is a plethora of evidence that Plaintiff engaged not only in bad faith but in actual fraud to deprive Mead Johnson of a federal forum by fraudulently joining a non-diverse defendant," which they claim Plaintiff "proved that with both her failure to elicit expert opinions against Memorial and her failure to prosecute discovery against Memorial." (*Id.*, p. 10).

Mead Johnson argues that Judge Pallmeyer, not this Court, should decide the Motion to Remand as part of MDL 3206. (*Id.*, pp. 7–10). Mead Johnson points to Judge Pallmeyer's July 3, 2025 order denying six motions to remand, in which she discusses the occurrence where the plaintiffs' lack of good faith intent to pursue claims has evinced fraudulent joinder. *See In re Abbott Lab'ys Preterm Infant Nutrition Prods. Liab. Litig.*, No. 22 C 71, 2025 WL 1836017, at *6 (N.D. Ill. 2025) (citing *Beal v. Armstrong Containers, Inc.*, No. 22 C 378-PP, 2023 WL 6441348, at *5 (E.D. Wis. Sept. 30, 2023); *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006)); 14C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 3723.1 n. 5 (Rev. 4th ed.); *Faulk v. Husqvarna Consumer Outdoor Prods. N.A.*, Inc., 849 F. Supp. 2d 1327, 1331 (M.D. Ala. 2012)).

In support of their argument that Plaintiff did not intend to pursue malpractice claims against Memorial Hospital in good faith, Mead Johnson argues that "Plaintiff conducted bare-minimum discovery against Memorial and delayed it meaningfully, never moving to compel when Memorial was non-compliant," including:

- Nineteen Requests for Admission, which went unanswered for six months;

- Thirteen Requests for Production, which went unanswered for eight months;
- A single interrogatory, which also went unanswered for eight months; and
- Two corporate representative depositions, one of which involved counsel for the Hospital and counsel for Plaintiff separately narrowing the scope of the deposition without Mead Johnson's knowledge.

(Doc. 39, pp. 11–12 (footnote and citations omitted)). Defendants insist that the procedural posture in the instant case mirrors that in *Abbott*. (*Id.*, p. 18 ("This pattern is similar to what occurred with this same plaintiff's counsel in the Pennsylvania NEC cases, where Judge Pallmeyer recently denied remand. Involving the same plaintiff lawyers, those cases similarly included languishing discovery and a single hospital deposition. *Abbott*, 2025 WL 1836017, at *7. There, the MDL judge concluded that there was 'little doubt that Plaintiffs have joined the hospital defendants for the sole purpose of defeating diversity jurisdiction.'" *Id.* at *6."). Defendants argue that Plaintiff's claim for damages against the hospital settled and that their claims for injunctive relief are meritless. (*Id.*, pp. 13–16). They also accuse Plaintiff of intentionally delaying expert discovery until after the one-year deadline established by 28 U.S.C. § 1446(c)(1). (*Id.*, pp. 4, 9, 16–17). They insist that Plaintiff has demonstrated bad faith and that this removal is, therefore, timely and that an award of costs and fees as a sanction is inappropriate. (*Id.*, pp. 21–28).

In her Reply, Plaintiff insists that Mead Johnson's second removal is improper and makes note of the fact that Judge Foley denied Memorial and Mead Johnson's motions to dismiss in state court. (Doc. 14, p. 10; Doc. 47, p. 3). Critically, Hobson notes that the standard to prove fraudulent joinder is less favorable to Defendants than is the standard under Federal Rule of Civil Procedure 12(b)(6). (*See* Doc. 47, p.

3 (citing *In re Abbott Lab'ys*, No. 22 C 71, 2022 WL 3586150, at *4 (N.D. Ill. Aug. 22, 2022); *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992))). Hobson insists that her claims for relief against Memorial surmount the standard because they must have a reasonable probability of success if they survived Mead Johnson's motion to dismiss in state court. (*See* Doc. 14, p. 3; Doc. 47, p. 3).

In *Abbott*, the non-diverse defendants were *dismissed from the case prior to the second removal. See* 2025 WL 1836017, at *2 (citations omitted). Judge Pallmeyer noted that "as other courts have recognized, the earlier ruling on this issue remains the law of the case, even if a claim is subsequently dismissed." 2025 WL 1836017, at *4 (citing *Abels v. State Farm Fire & Cas. Co.*, 694 F. Supp. 140, 143–44 (W.D. Pa. 1988); *Huff v. AGCO Corp.*, No. 5:18 C 00469-GFVT, 2019 WL 1177970, at *3 (E.D. Ky. Mar. 13, 2019); *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, No. 07-MD-1871, 2014 WL 2011597, at *2 (E.D. Pa. May 15, 2014)). Here, Judge Foley denied Mead Johnson's motions to dismiss in state court—Mead Johnson insists that this does not alter this Court's determination. (*See* Doc. 39, p. 18 (citing *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992))). Either way, Hobson's claims for damages against Memorial Hospital have been settled, leaving her claims for injunctive relief and maintaining Memorial Hospital in this case. (*See* Doc. 39, pp. 23–27). Thus, while Mead Johnson claims that these claims for injunctive relief are meritless in their brief and at Oral Argument, (*see id.*; Doc. 78), Hobson argues that the fact that Judge Foley refused to dismiss them indicates that they have a reasonable probability of success and that the *Poulos* footnote Mead Johnson cites addresses "the exact opposite situation." (Doc. 47, p. 5 (citing *Poulus*, at 73 n.4); *see also id.*, pp. 4–5; Doc. 78).

Hobson also insists that the injunctive relief claims were added *after* this Court's first remand of this case and that adequate time has not elapsed sufficient for Mead Johnson to argue that Hobson has not pursued these claims. (*See* Doc. 78). Moreover, they argue that the fact that Memorial Hospital settled the claims for damages indicates that they were meritorious. (*See id.*). However, while the amount of the settlement was not provided to Mead Johnson, Hobson confirmed at Oral Argument that the amount was for "nuisance value" only. (*See id.*). The settlement has not yet been approved by Judge Foley. (*See id.*).

This brings us to the primary issue at stake here: whether evidence that a plaintiff has demonstrated "no real intent" to pursue claims against a non-diverse defendant is grounds to find fraudulent joinder. As noted, this was the critical issue in *Abbott*, as well. *See* 2025 WL 1836017, at *6–9. Judge Pallmeyer specifically wrote that "according to Abbott, an Illinois hospital has been named as a defendant in just one NEC case in Illinois: a lawsuit brought against Mead Johnson and not Abbott, where joinder of the in-state hospital was necessary to obstruct removal." *Id.* (citing *Hobson v. Mead Johnson & Co. LLC*, No. 24LA0735 (Ill. Cir. Ct.); *Hobson v. Mead Johnson & Co. LLC*, No. 23C 01615-SPM (S.D. Ill)). The referenced case, of course, is the instant case; this Court notes that Plaintiff Hobson is represented by the *same attorney* here as in Judge Pallmeyer's case. Moreover, she writes that "the court notes that in nearly 1,000 NEC cases brought against Abbott in its home state of Illinois (where it cannot seek removal), not a single Illinois hospital has been named as a defendant." *Id.*

Judge Pallmeyer continued, writing that "[w]hile it does not by itself render Plaintiffs' efforts against the hospitals 'fraudulent,' the record here leaves little doubt that Plaintiffs have joined the hospital defendants for the sole purpose of defeating diversity jurisdiction." *Id.* at *6. "Plaintiffs stress the viability of their claims against the hospital defendants in this proceeding, but the court notes that in nearly 1,000 NEC cases brought against Abbott in its home state of Illinois (where it cannot seek removal), not a single Illinois hospital has been named as a defendant." *Id.* (citation omitted). Moreover, "[t]hough ordered by this court to explain why hospitals had only been named as defendants when doing so would defeat diversity, Plaintiffs identified no substantive differences between Illinois and Pennsylvania law—instead gesturing vaguely to the 'complicated strategic decision' involved in suing a hospital." *Id.* (citations omitted). She continues, noting that "Plaintiffs' requests for documents and interrogatories issued to the hospital defendants went unanswered for nineteen months, but Plaintiffs have filed no efforts to compel responses." (docket citation omitted) (citing *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*, 220 F. Supp. 2d 414, 421–22 (E.D. Pa. 2002)).

However, as mentioned above, the non-diverse defendants were *dismissed by the state court in Abbott prior to the second removal*. That is not the case here. The claims against Memorial are active, having survived Mead Johnson's motion to dismiss filed in state court. However, Plaintiff notes that they were granted leave to amend in the state court cases at issue in *Abbott*, meaning that the dismissal of the defendants in Abbott was not a final adjudication. (Doc. 78). And, as both Hobson and Judge Pallmeyer indicate, the caselaw on the "no real intent" fraudulent joinder

doctrine is threadbare in this Circuit. *Abbott* at *7. Judge Pallmeyer wrote that because "the court recognizes that case law recognizing 'no real intent' fraudulent joinder is thin," that:

> [T]here are two questions of law crucial to the court's conclusion in section II of this order that may be appropriate for certification [as a question of law for interlocutory appeals pursuant to 28 U.S.C. 1292(b)]: (1) whether a plaintiff's failure, through their litigation actions, to demonstrate a real or good faith intent to pursue a claim against a non-diverse defendant, is a basis for finding that the non-diverse defendant was fraudulently joined; and if so, (2) whether a plaintiff's failure over many months to pursue unanswered interrogatories; taking of a singular, perfunctory deposition; and a verbal representation that they will not seek an appeal of a dismissal of their action against the non-diverse defendant, meets the standard for finding "no real intent" fraudulent joinder.

*Id.* Plaintiff's arguments in favor of remand aside, these are the *critical* questions at issue in this case and are important enough for Judge Pallmeyer to certify those questions for interlocutory appeal to the Seventh Circuit, which granted the plaintiffs' petitions to appeal as of August 1, 2025. *See Abdullah v. Mead Johnson & Company LLC*, No. 25-8014 (7th Cir.) (Doc. 12). Briefing is scheduled to conclude in November 2025. *See Abdullah v. Mead Johnson & Company LLC*, No. 25-2322[3] (7th Cir.) (Doc. 10).

Comparing the instant case to *Abbott*, the parallels are striking: not only do both cases involve the *same plaintiffs* pursuing the same claims, but Plaintiff Hobson demonstrated the same purported lack of concern for delayed responses to her written discovery and failed to prosecute her claims via filing of motions to compel. Hobson

---

[3] Upon granting the Plaintiffs' petitions for interlocutory appeal, the Seventh Circuit transferred the associated cases from its Miscellaneous Docket to its General Docket. *See* No. 25-8014 (Doc. 12); No. 25-2322.

insists that no additional written discovery was needed after she amended her complaint and that discovery proceeded much more smoothly with Memorial Hospital than with Mead Johnson. (*See* Doc. 47, p. 4; Doc. 78). Additionally, nowhere in her Motion to Remand or in her Reply does Plaintiff mention *Abbott*; she insists that "the Seventh Circuit has never once held that the details of how a plaintiff prosecuted her case is evidence of whether a federal court could have jurisdiction over a case that lacks complete diversity." (Doc. 14, p. 10). However, both Hobson and Mead Johnson discuss the instant case in their briefs before the Seventh Circuit. *See Abdullah*, No. 25-8014 (Docs. 1, 11). This Court also notes that this is the *second time* Plaintiff Hobson has intentionally created an undue sense of urgency with an "emergency" motion to remand (*see Hobson I* (Doc. 11)) while also claiming that Mead Johnson is engaging in "jurisdictional gamesmanship." (Doc. 23, p. 12).

This Court previously noted that "it is clear that there is tension and animosity between the parties." *Hobson I* (Doc. 27, p. 12). While the pending interlocutory appeal is directly on point, it will take months to brief and argue the matter before the Seventh Circuit. *See Abdullah*, No. 25-2322 (7th Cir.) (Doc. 10). The same is true for the timeline to determine whether or not this case should be included in MDL 3206. Additionally, while persuasive, there are key factual differences between *Abbott* and the instant case and Judge Pallmeyer's opinion does not bind this Court, which is bound by precedent from the Seventh Circuit in its *current form*. Thus, in this absence of mandatory Seventh Circuit precedent, there are three options: (1) grant Hobson's Motion to Remand and send this matter back to St. Clair County to proceed to trial; (2) deny Hobson's Motion to Remand; or (3) decline to rule on Hobson's Motion

to Remand until it is determined whether or not this case will be included in MDL 3206 and/or until the Seventh Circuit issues guidance.

Part of the calculus is Mead Johnson's pending Motion to Stay, on which both Hobson and Memorial Hospital agree. (*See* Doc. 35). In the Motion, Plaintiff Hobson, Memorial Hospital, and Mead Johnson all concur that discovery should be stayed until this case is either transferred to MDL 3206 or remanded to state court. (*Id.*, p. 2). This Court concurs with Mead Johnson's analysis of the factors relating to whether this case should be stayed. (*See id.*, pp. 3–4). A stay of discovery in this case will avoid potential prejudice to Plaintiff Hobson, prevent hardship and inequity to Mead Johnson, and ensure that judicial resources are conserved. (*See id.*, pp. 2–4 (quoting and citing *Azar v. Merck & Co.*, No. 3:06CV0579 AS, 2006 WL 3086943, at *1 (N.D. Ind. Oct. 27, 2006))). Therefore, the Motion to Stay shall be granted.

Considering all of the above and keeping in mind the potential prejudice that would be experienced by the parties, this Court declines to rule on the Motion to Remand at this time. If this case is selected for inclusion in MDL 3206, Judge Pallmeyer will rule on the Motion. If this case is not selected for inclusion, this Court will rule on the Motion to Remand after the Seventh Circuit issues guidance regarding the interlocutory appeal in *Abbott*. Although the Court appreciates Plaintiff's strong desire to move this case forward to trial in state court, the interlocutory appeal to the Seventh Circuit regarding the fraudulent joinder issue is crucial enough to keep this case in federal court. Moreover, this Court is highly skeptical that this case would have proceeded to trial in October based on the timeline provided by the parties. (*See* Doc. 78).

Hobson also seeks "heavy sanctions" including costs and fees associated with Mead Johnson's second removal of this case. (Doc. 11, pp. 11–12). Hobson asked for the same in her Motion to Remand filed after the first removal. *See Hobson I* (Doc. 11, p. 11). As noted previously, if clearly established law demonstrated no basis for removal, this Court should aware Hobson attorneys' fees. *See Lott v. Pfizer, Inc.,* 492 F.3d 789, 793 (7th Cir. 2007); *See Hobson I* (Doc. 27, p. 11) (citing the same). Although the "no real intent" aspect of the fraudulent joinder doctrine is not endorsed by the Seventh Circuit, the fact that Judge Pallmeyer certified the question of its applicability to the Seventh Circuit (which accepted the petition to appeal) indicates that Mead Johnson's argument is colorable. Therefore, this Court declines to grant Hobson's request for an award of "heavy sanctions" including costs and fees.

## CONCLUSION

For the reasons set forth above, this Court reserves ruling on Plaintiff Shawnteshia Hobson's "Emergency" Motion to Remand to State Court (Doc. 14). Defendants Mead Johnson, LLC and Mead Johnson Nutrition Company's Unopposed Motion to Stay (Doc. 35), is **GRANTED**. This case is hereby **STAYED** pending (1) the determination of whether or not this matter will be transferred to MDL 3206 before Judge Pallmeyer of the U.S. District Court for the Northern District of Illinois and (2) the Seventh Circuit's adjudication of the pending interlocutory appeal in *Abdullah*, No. 25-2322.

**IT IS SO ORDERED.**

**DATED:  August 29, 2025**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**